UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL ALFERINK,

               Plaintiff,                                      Hon. Ellen S.  Carmody

v.

                                             Case No. 1:14-cv-859

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

_____/


## OPINION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  On November 3, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #8).

        Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.

1

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

2

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 38 years of age on his alleged disability onset date. (Tr. 14, 219). He successfully completed high school and worked previously as a cashier, hi-lo driver, injection mold operator, stock clerk, and phlebotomist. (Tr. 22). Plaintiff applied for benefits on August 28, 2007, alleging that he had been disabled since May 19, 2007, due to back impairments and carpal tunnel syndrome. (Tr. 219-23, 257). Plaintiff subsequently amended his disability onset date to December 11, 2009. (Tr. 14). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 96-218). On September 19, 2012, Plaintiff appeared before ALJ Luke Brennan with testimony being offered by Plaintiff and a vocational expert. (Tr. 29-78). In a written decision dated January 11, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 11-23). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on June 30, 2011. (Tr. 14). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

3

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5.   If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

       The ALJ determined that Plaintiff suffers from: (1) mild degenerative disc disease of the lumbar spine; (2) major depressive disorder; (3) cannabis abuse; and (4) residual neuropathy of the right leg likely associated with a reported history of cervical fusion, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (Tr. 14-18).

       With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) he can lift/carry 10 pounds; (2) he cannot climb ropes, ladders, or scaffolds and can only occasionally climb ramps/stairs; (3) he cannot be exposed to unprotected heights and can only occasionally balance; (4) he requires use of a cane in his right upper extremity when walking on uneven surfaces, but can walk short distances across the room without use of a cane; and (5) he is able to perform simple, routine tasks involving no more than simple, short instructions and simple work-related decisions.  (Tr. 18).

       The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden.  *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard

requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the state of Michigan approximately 15,000 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 66-70). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.          **The ALJ was not Required to Consult a Medical Expert**

In assessing Plaintiff's claim for benefits, the ALJ specifically considered whether Plaintiff satisfied section 1.04 (Disorders of the Spine) of the Listing of Impairments. (Tr. 16-17). The ALJ determined that Plaintiff did not satisfy section 1.04 because there did not exist objective medical evidence that Plaintiff was suffering any of the disorders enumerated in section 1.04. (Tr. 17). Plaintiff argues that he is entitled to relief because the ALJ failed to consult a medical expert on the issue whether Plaintiff satisfied the Listing in question.

Plaintiff bears "the ultimate burden of producing sufficient evidence to show the existence of a disability." *Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000) (citations omitted). As the relevant Social Security regulations make clear, it is the claimant's

responsibility to provide the evidence necessary to evaluate his claim for benefits.  *See* 20 C.F.R. §§ 404.1512 and 404.1514.  As the Supreme Court has observed, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."  *Yuckert*, 482 U.S. at 146 n.5.

  Only under "special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, *and* is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record."  *Trandafir v. Commissioner of Social Security*, 58 Fed. Appx. 113, 115 (6th Cir., Jan. 31, 2003) (emphasis added) (citations omitted); *Nabours v. Commissioner of Social Security*, 50 Fed. Appx. 272, 275 (6th Cir., Nov. 4, 2002) (citations omitted).  Plaintiff was represented at the administrative hearing and there is no evidence that his counsel was incapable of advocating Plaintiff's position or was unfamiliar with the relevant hearing procedures.  Thus, the Court finds that the ALJ was not under a heightened duty to develop the record in this matter.

  The ALJ is not required to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve his claims.  *See, e.g., Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Ruby v. Colvin*, 2014 WL 5782930 at *13 (S.D. Ohio, Nov. 6, 2014); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010); *Allison*, 2000 WL 1276950 at *5.  Because the record was sufficient to resolve Plaintiff's claim that he suffered from a listed impairment, this argument is rejected.

## II.              The ALJ Properly Evaluated Dr. Mohr's Opinion

Plaintiff next argues that he is entitled to relief because the ALJ "improperly discounted" the opinion of his treating physician, Dr. D. Jeffrey Mohr.  Specifically, Plaintiff asserts that the ALJ failed to properly assess Dr. Mohr's February 24, 2011 opinion that Plaintiff's "abnormalities greatly limit his physical and mental ability to do any sort of sustained work. . .[and] he is incapable of doing most types of work for any length of time." (Tr. 375).  The ALJ discounted this statement on the ground that such was not a "medical opinion," but rather a comment that Plaintiff was disabled which is a matter reserved to the Commissioner.  (Tr. 21).

A medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2).  While medical opinions offered by treating sources are generally accorded deference, statements that a claimant suffers from unspecified limitations or is disabled or unable to work are entitled to no deference because the determination of disability is a matter left to the commissioner. *See* 20 C.F.R. § 404.1527(d)(1).

Because the statement in question is not properly characterized as a medical opinion, the ALJ properly disregarded such.  *See, e.g., West v. Astrue*, 2011 WL 825791 at *8 (E.D. Tenn., Jan. 19, 2011) ("it was reasonable for the ALJ to omit discussion of Dr. Coffey's opinion because it was not a 'medical opinion' as defined by 20 C.F.R. § 416.927(a)(2)"); *Koller v. Astrue*, 2011 WL 5301569 at *5 (E.D. Ky., Nov. 3, 2011) (the ALJ is not required to defer to statements by physicians concerning matters reserved to the Commissioner).  This argument is, therefore, rejected.

**III.          The ALJ's Credibility Assessment is Supported by Substantial Evidence**

At the administrative hearing, Plaintiff testified that due to back pain and lower extremity weakness he was limited to an extent much greater than recognized by the ALJ. (Tr. 46-55). The ALJ found Plaintiff to be less than credible and, therefore, discounted his subjective allegations. Plaintiff asserts that he is entitled to relief because the ALJ's rationale for discounting his testimony is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

9

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In support of his decision to discount Plaintiff's credibility, the ALJ noted that there existed "several inconsistencies" between Plaintiff's subjective allegations and the evidence of record. (Tr. 19-21). Specifically, the ALJ noted that a January 14, 2012 MRI of Plaintiff's lumbar spine revealed only "mild degenerative disease of the lumbar spine." (Tr. 400). Physical

10

examination revealed that Plaintiff experienced a "moderate" level of impairment.  (Tr. 337).  The ALJ also noted that Plaintiff's reported activities are inconsistent with the conclusion that he is impaired to an extent greater than reflected in the ALJ's RFC.  For example, Plaintiff reported that he cares for his young child, attends ArtPrize, cooks, shops, performs household chores, "plays" on the computer, and "hangs out with friends." (Tr. 56-57, 277, 333).  Plaintiff also testified that he changes the oil in his vehicle. (Tr. 55-56).  Plaintiff's fiancée reported that Plaintiff cares for his 18 month old son, including feeding and changing diapers. (Tr. 269).  She also reported that Plaintiff cares for their pet, prepares meals, cleans the house, washes laundry, takes out the trash, and waters flowers. (Tr. 269-70).  In sum, the ALJ's decision to discount Plaintiff's credibility is legally sound and supported by substantial evidence.  Accordingly, this argument is rejected

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  A judgment consistent with this opinion will enter.

Date:  September 21, 2015                              /s/ Ellen S. Carmody
                                                                      ELLEN S. CARMODY
                                                                      United States Magistrate Judge

11